Richard George **GAYNOR**, Plaintiff-Respondent,

v.

Sidney W. **HORWITZ**, Executor of the Estate of Henry B. Ramsay, Deceased, Defendant-Appellant.

No. 33588.

St. Louis Court of Appeals, Missouri.

Feb. 23, 1971.

Whalen, O'Connor & Byrne, William P. Byrne, Fred B. Whalen, St. Louis, for defendant-appellant.

James F. Koester, St. Louis, David G. Dempsey, Clayton, for plaintiff-respondent.

SMITH, Commissioner.

Defendant appeals from a judgment of $5000 awarded in accordance with a jury verdict in an automobile accident case. Defendant's attack is on the sufficiency of the evidence to support the giving of plaintiff's verdict directing instruction, (MAI 17.16) allowing recovery under the rear-end accident · doctrine. Defendant also challenges the damage instruction on the basis it allowed the jury to assess future damages and the evidence failed to establish permanent damages.

Plaintiff's testimony established that he was driving in the underpass on the Third Street Highway in St. Louis in a northbound direction; at the place of the accident the road is straight. Plaintiff was allowed to give no other facts concerning the accident under the Dead Man Statute. The police officer who investigated the case testified that plaintiff's car after the accident was in the easternmost lane of the three northbound lanes and that Ramsay's car was three car lengths back on the concrete divider. The rear portion of plaintiff's car was damaged; the front portion of Ramsay's car was damaged.

Defendant's decedent (Ramsay) told the police officer that he was driving in the easternmost lane when he observed flashing red lights in the southbound lanes. He looked in that direction and then "looked directly to his front and at this time observed Mr. Gaynor's auto, and he applied his brakes and skidded." He was unable to avoid plaintiff's auto. He told the police officer the accident occurred in the lane he was driving in, the easternmost lane. Ramsay stated he was driving thirty to forty miles per hour. Plaintiff's photographic exhibits of his car show severe damage to the left rear of his car with substantial bending of the left rear fender of greatest severity at the rear where it joins the trunk and decreasing in severity to a point slightly forward of the rear tire. Beyond that point there was no apparent body damage to plaintiff's automobile.

■ We hold this evidence sufficient to allow submission under the rear-end doctrine.

■ To warrant submission under the rear-end doctrine it is necessary for plaintiff to establish that he had his vehicle in a portion of the highway where he should have had it or was entitled to have it in view of the course in which he was proceeding and that some person traveling behind him in the same direction overtook plaintiff's vehicle and struck it in the rear. If that is established a prima facie case of specific negligence against the overtaking driver is made. Hughes v. St. Louis Public Service Co., Mo.App., 251 S.W.2d 360; Witherspoon v. Guttierez, Mo., 327 S.W.2d 874. Vehicles traveling on a multilane one-way highway ordinarily have the right to use any of the lanes. Witherspoon v. Guttierez, *supra*, [1, 2]. The collision occurred in the easternmost lane; that was where plaintiff's car was after the accident. When defendant looked to the front after directing his eyes to the flashing red lights to his side, he saw plaintiff's vehicle while looking directly ahead. The evidence was sufficient to warrant a conclusion that plaintiff was where he had a right to be, and was struck from the rear by Ramsay traveling behind plaintiff.

The plaintiff's exhibits show the major damage to plaintiff's car to be the rear end of it. It is certainly a reasonable inference from the photographs that plaintiff's car was struck in the rear with sufficient force to crumple the left rear fender. There is nothing which requires the jury, the trial court or this court to conclude that plaintiff's car was struck in the side, so as to make the doctrine inapplicable un-

der Neil v. Mayer, Mo.App., 426 S.W.2d 711.

 Defendant's contention is that in addition to establishing the minimum requirements for application of the rear-end doctrine, plaintiff must also negate all possibilities which would cause that doctrine to be inapplicable. We do not consider that to be the plaintiff's burden. That the applicability of the rear-end doctrine may be destroyed by uncontroverted evidence showing that in fact the accident was not a rear-ender (See Todd v. Presley, Mo., 413 S.W.2d 173; Snyder v. Hedges, Mo.App., 381 S.W.2d 376) does not mean that plaintiff must put on evidence negating all such possible occurrences. Here plaintiff established that his vehicle was where it had a right to be and was struck in the rear by Ramsay's automobile. Such was enough to warrant submission under MAI 17.16.

Defendant's attack on the damages presents the same situation before this court in Young v. Frozen-Foods Exp. Inc., Mo.App., 444 S.W.2d 35. Here, as there, defendant has failed to distinguish between future damages and permanent injury. Plaintiff's damage instruction was MAI 4.-01 and included the optional addition "and is reasonably certain to sustain in the future". Defendant contends that there "is not sufficient evidence of *permanency* to warrant the giving of an instruction on it." We need not determine whether the evidence establishes permanent injury for plaintiff's doctor testified plaintiff would have headaches and pain in the neck for "the rest of his life, but not all the time." These pains would be intermittent. Whatever else can be said of this testimony, it supported an instruction covering *future* damages. The damage instruction referred only to *future* damages not *permanent* damages and the two words are not synonomous. Young v. Frozen-Foods Exp. Inc., Mo.App., 444 S.W.2d 35 [7, 8]; Harrison v. Weller, Mo.App., 423 S.W.2d 226 [2–5].

Defendant's claim of excessiveness of the verdict is premised solely on the theory that the verdict was based on an erroneous damage instruction which allowed plaintiff to recover something to which he was not entitled. Having held the instruction proper, we need not discuss this contention further.

Judgment affirmed.

PER CURIAM:

The foregoing opinion by SMITH, C., is adopted as the opinion of this court. Accordingly, judgment is affirmed.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.