Ronald **LICHTENBERG**, Plaintiff-Appellant,

v.

Patricia Ann **HUG**, Defendant-Respondent.

No. 34228.

Missouri Court of Appeals, Missouri.

May 23, 1972.

Cox & Moffitt, by Dallas W. Cox, Jr., St. Louis, for plaintiff-appellant.

Murphy, Kortenhof & Ely, by John R. Courtney, St. Louis, for defendant-respondent.

CLEMENS, Judge.

In this vehicular collision case the jury returned a verdict against plaintiff and he appeals. The sole question: Did the evidence warrant defendant's contributory negligence instruction based on the rear-end-collision doctrine?

Plaintiff submitted his case against defendant by MAIs 17.01 and 14.04, hypothesizing her failure when making a left turn to yield the right-of-way to plaintiff traveling on a through highway. Defendant countered with the critical instruction, MAIs 32.01, 17.16, submitting plaintiff's contributory negligence in colliding with the rear of her car in violation of the rear-end-collision doctrine.

In short, defendant made a left turn into plaintiff's lane of traffic and he ran into the rear of her car. This, of course, calls for detailed facts about location and movements.

In northeast St. Louis County Lindbergh Boulevard, a two-lane, east-west through highway, crosses Halls Ferry Road, a two-lane secondary north-south road posted with stop signs for cars entering Lindbergh. Plaintiff was driving west on Lindbergh at 50 miles an hour; defendant was headed north on Halls Ferry, halted at a stop sign preparatory to making a left turn to go west on Lindbergh. It was a dark night and the intersection was unlighted.

From her stopped position on Halls Ferry, defendant could see east on Lindbergh only 300 feet to a crest; beyond that Lindbergh sloped sharply downhill. Defendant looked west to the left, then east to the right, but said she did not see plaintiff because he was beyond the crest on Lindbergh. Defendant drove forward and then left into Lindbergh. Plaintiff braked and slowed down but ran into the rear of defendant's car.

On direct examination defendant said she had traveled two or three car lengths on Lindbergh when the plaintiff's car struck the rear of hers. On cross examination she estimated that after she left the stop sign she traveled 30 to 40 feet before the impact. Her witness Pierce, the investigating police officer who made measurements at the scene, said debris from the collision indicated the point of impact was on Lindbergh only 20 feet west of Halls Ferry. Plaintiff estimated her speed at over 15 miles per hour at the time of impact.

As said, the issue is whether this evidence warranted the court in giving defendant's instruction submitting plaintiff's contributory negligence under the rear-end-collision doctrine in that plaintiff negligently "permitted his automobile to come into collision with the rear of defendant's automobile." For the reasons following we say the evidence did not warrant this submission.

Missouri's rear-end-collision doctrine began with Jones v. Central States Oil Co.,

350 Mo. 91, 164 S.W.2d 914. There Jones was driving steadily down a two-lane highway. Defendant's truck followed Jones for a mile or two at a slightly faster speed, and in attempting to overtake Jones ran into his rear. The theory of liability was expressed by the court's comment on Jones' verdict-directing instruction: "Instruction No. 1, here, did require a finding of plaintiff's position in a place where he had the right to be, operating his car properly as required by the highest degree of care, together with his environment and other facts of the situation which showed he could not have been negligent, and then required the finding of the affirmative act by the defendant of driving its truck into that part of the highway and against the rear end of plaintiff's car. Surely all these facts hypothesized would conclusively show active negligence on defendant's part as a matter of law, so that if the jury believed them no result other than a finding of negligence could be reached." Thus the doctrine approaches—if it does not reach—that of *res ipsa loquitur* in that under the circumstances in Jones the fact of collision bespeaks the defendant's negligence. See the Committee's Comment to MAI 17.-16: "While there is language in the cases cited below suggesting that the collision itself shows negligence, the safer course is to further hypothesize negligence."

■ Time and distance available to the overtaking driver are necessary factors in determining whether the fact of collision gives rise to an inference of negligence. These issues appear in cases where the overtaken vehicle (defendant here) has turned into the lane of the overtaking vehicle (plaintiff here) near and shortly before the moment of impact. We look at some of those cases.

In Rosenfeld v. Peters, Mo., 327 S.W.2d 264 [6], the plaintiff's car stopped at Highway 40 and then turned left into the highway. The defendant rear-ended plaintiff's car after it had moved "from one to two car lengths" on the highway. Plaintiff contended she was entitled to submit on the rear-end-collision doctrine, citing State ex rel. Spears v. McCullen, 357 Mo. 686, 210 S.W.2d 68. The court distinguished *Spears*, saying: "The instruction in the Spears case hypothesized a clear and simple situation of one vehicle being operated for a considerable distance behind another and overtaking it, which was not true in this case where the Siegel [plaintiff's] car turned in abruptly from the side and, according to defendant's evidence, blocked both of the eastbound lanes of the highway."

In Todd v. Presley, Mo., 413 S.W.2d 173, the plaintiff's car stopped at a through highway and then made a left turn into the path of defendant's truck approaching at 45 miles per hour. After plaintiff's car had traveled 75 to 100 feet along the highway it was struck in the rear by defendant's truck. The trial court refused to give plaintiff's verdict-directing instruction on the rear-end-collision doctrine. In affirming the court said: "The facts of this case do not present the 'clear and simple situation of one vehicle being operated for a considerable distance behind another and overtaking it,' Rosenfeld v. Peters, supra, but presents the situation of an intersectional collision. The collision did not occur because the following vehicle overtook the vehicle ahead, but it occurred because the Evans vehicle was driven eastwardly directly into the path of the northbound truck when it was so close that it constituted an immediate hazard, and if defendant's driver was negligent it was not negligence based on the rear-end collision doctrine. This rule of law was never intended to apply to a situation which is in fact an intersectional collision, but by reason of last second evasive maneuvering of one or the other of the vehicles one is struck in the rear by the other. This case was not submissible under the rear-end-collision doctrine."

In Witherspoon v. Guttierez, Mo., 327 S.W.2d 874 [1–3], both cars were going north on Highway 71, the defendant sever-

al hundred feet behind. Plaintiff's car slowed, began a left turn into a side road, and one wheel had left the highway when plaintiff's car veered back onto the highway and was struck in the rear by defendant's car. On defendant's appeal the court upheld plaintiff's rear-end-collision submission saying it was "sufficiently akin" to that doctrine since plaintiff's deviation from a straight course was so slight. The court warned however: "It is not recommended that this theory of recovery be employed except where the facts come strictly within the pattern of the typical rear-end collision situation." (Caveat repeated in Clevenger v. Walters, Mo., 419 S.W.2d 102 [2]). The court then discussed circumstances under which the doctrine would not apply: "Now if the Nash in which plaintiff was riding had been traveling eastwardly on Blue River Road and had turned left abruptly from the side road onto No. 71 and into defendant's northerly path immediately before the collision (circumstances wholly unlike the typical 'clear and simple situation of one vehicle being operated for a considerable distance behind another and overtaking it') a rear-end collision instruction would have been inappropriate. Rosenfeld v. Peters, Mo.Sup., 327 S.W.2d 264."

With those cases before us we look to the time and distance factors in this case. Plaintiff was traveling over 15 miles an hour or 22 feet a second. According to the investigating police officer the impact was in the north lane of Lindbergh 20 feet west of Halls Ferry. Thus, plaintiff *followed* defendant for less than one second. If we accept the better of defendant's two estimates she had traveled "between two or three car lengths down the road" and her estimate of 15 to 20 feet per car length, she was on Lindbergh for a maximum distance of 60 feet. Accepting those facts, plaintiff followed defendant for less than three seconds.

Under neither factual version can it be said defendant made a submissible rear-end-collision doctrine case of contributory

negligence against plaintiff. In *Rosenfeld* the overtaking car drove 675 feet while the overtaken car drove one to two car lengths on the highway. The court declined to apply the rear-end-collision doctrine since it was not a "clear and simple situation of one vehicle being operated for a considerable distance behind another." In *Todd* the overtaking car had followed the other for 75 to 100 feet beyond the intersection and the court said that was "in fact an intersectional collision" to which the rear-end-collision doctrine did not apply. In *Witherspoon* the court declared the rear-end-collision doctrine would not apply where the overtaken car turned abruptly from a side road into the path of the overtaking car on the highway because that did not present a clear and simple rear-end-collision situation.

Under those three cases we hold the evidence here did not support the defendant's submission of plaintiff's contributory negligence under MAI 17.16.

In an effort to uphold her contributory negligence submission defendant cites three cases for the proposition that the rear-end-collision doctrine is not confined to situations "where the submitting party has been traveling a straight course and has been followed by the other party directly." She first cites *Witherspoon* but the facts there are dissimilar. There the overtaken car made a "slight deviation" into the path of the overtaking car which had been following for "several hundred feet." The case of Hughes v. St. Louis Public Service Co., Mo.App., 251 S.W.2d 360, is also distinguishable. There the plaintiff's service car overtook defendant's street car and crossed over onto the tracks. The street car followed plaintiff's car for more than one hundred feet and then ran into plaintiff's rear. In Doggendorf v. St. Louis Public Service Co., Mo.App., 333 S.W.2d 302 the plaintiff drove his car onto the tracks some 500 feet ahead of defendant's street car. He stopped and signaled a left-hand turn and 15 seconds later he was rear-ended by the street car. This made a rear-

end-collision doctrine case and the court said the plaintiff's 15-second stop was an "essential fact." Again, the time element was dissimilar to this case.

Because of the error in giving defendant's instruction submitting plaintiff's contributory negligence under the rear-end-collision doctrine the judgment is reversed and the cause remanded for a new trial.

BRADY, C. J., and WEIER, J., concurs.