Charles WAGONER, Plaintiff-Respondent,

v.

Jack HURT, Defendant-Appellant.

No. 10259.

Missouri Court of Appeals,
Springfield District.

Aug. 1, 1977.

Donald P. Thomasson, Paul V. Gilbert, Jackson, Thomasson, Dickerson & Gilbert, Cape Girardeau, for defendant-appellant.

Kenneth L. Dement, Sikeston, for plaintiff-respondent.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

HOGAN, Judge.

Defendant Jack Hurt's automobile collided with a vehicle being driven by plaintiff Charles Wagoner. Claiming severe personal injuries, plaintiff brought this action for damages. Upon trial a jury found for the plaintiff and assessed his damages at $15,000. Defendant appeals. Two questions are presented. The first is whether the plaintiff's case was properly submitted under the "rear-end collision" doctrine; the second is whether the jury was prejudicially misinstructed upon the issue of liability or upon the issue of damages. The answer to the first question is yes; the answer to the second is yes, but only upon the issue of damages.

The casualty occurred October 28, 1974, about 8:00 p. m. on U. S. Highway 60–62,[1] near the village of Miner in Scott County. Highway 60–62 or East Malone, at this point, is a four-lane concrete highway which runs east and west. By all accounts it was dark, raining, the visibility was poor and the pavement was wet when the accident happened. Plaintiff had stopped at a place identified only as "Riley's Service Station" and "pulled on the [south] lane next to the curb and started east toward home." As he was driving east "around approximately twenty miles per hour" he "felt a small impact, and the next thing [he] knowed, [he] was hit real hard." The first or "small" impact was to the left rear of plaintiff's car; the car was moved counterclockwise in the road and then hit in the left side by defendant's automobile. Photo-

---

1. This highway is also referred to as "East Malone" Street.

graphs taken by the plaintiff shortly after the accident, particularly plaintiff's exhibit 1, indicate that the vehicle plaintiff was driving was struck a glancing blow from the left rear. The photograph, which is in evidence here, shows minor damage to the left corner of the rear bumper and to the rear part of the left quarter panel. On cross-examination plaintiff repeated his testimony that he was driving in the "outside" eastbound lane, going about 20 miles per hour when he was struck from the rear.

The defendant's testimony was that immediately prior to the accident he was driving east on "East Malone." It was dark; defendant had his "headlights on." When the defendant first saw the plaintiff's vehicle, it was "a hundred yards or a little over that" ahead of him, in the "right-hand outside lane" going east. The defendant's speed, as he drove east, was approximately 30 miles per hour; he was unable to judge the plaintiff's speed accurately, but was aware that the plaintiff was going slower than he was. As defendant approached the plaintiff's vehicle, he decided to pass the plaintiff on the left. Defendant's testimony was that he turned to his left into the "inside" eastbound lane, and as he started to pass, plaintiff's vehicle "seemed to skid or slide" to the left into the path of defendant's automobile. The "right front fender" of defendant's automobile "pushed the door in on [plaintiff's] driver's side."

Defendant vigorously maintains that the plaintiff's case was erroneously submitted under the "rear-end collision" doctrine, contending the proof compels the conclusion that the "front end" of defendant's automobile collided with the "side" of the vehicle being driven by the plaintiff. In support of this contention, defendant cites us to *Neil v. Mayer*, 426 S.W.2d 711 (Mo.App.1968).

The "rear-end collision" doctrine is simply that if a driver has his motor vehicle on a part of the highway where he should have or was entitled to have it in view of the course in which he was proceeding and some other person traveling behind him in the same direction overtakes his vehicle and strikes it in the rear, proof of the collision makes out a prima facie case of specific negligence against the overtaking motorist. *Witherspoon v. Guttierez*, 327 S.W.2d 874, 880[5] (Mo.1959); *Jones v. Central States Oil Co.*, 350 Mo. 91, 102, 164 S.W.2d 914, 919–920[4, 5] (1942); *Gaynor v. Horwitz*, 464 S.W.2d 537, 538[2] (Mo.App.1971); *Hughes v. St. Louis Public Service Co.*, 251 S.W.2d 360, 362[3] (Mo.App.1952). The rear-end collision doctrine submits *specific* negligence, *Witherspoon v. Guttierez*, supra, 327 S.W.2d at 880[5]; *Jones v. Central States Oil Co.*, supra, 350 Mo. at 97, 164 S.W.2d at 916, but since *Clevenger v. Walters*, 419 S.W.2d 102, 107 (Mo. banc 1967), our courts have limited the rear-end collision theory of recovery to those cases in which the *fact* of collision warrants an inference of the defendant's · negligence. *Barlow v. Thornhill*, 537 S.W.2d 412, 420–421[7, 8][9] (Mo. banc 1976); *Clevenger v. Walters*, supra, 419 S.W.2d at 107; *Lichtenberg v. Hug*, 481 S.W.2d 527, 528–529 (Mo. App.1972). If, for example, the motorist being overtaken suddenly changes his position in front of the overtaking driver, the occurrence of a collision does not permit an inference of negligence on the part of the overtaking motorist, and the plaintiff's cause may not be submitted as a rear-end collision case. *Witherspoon v. Guttierez*, supra, 327 S.W.2d at 879; *Rosenfeld v. Peters*, 327 S.W.2d 264, 269[6] (Mo.1959); *Lichtenberg v. Hug,* supra, 481 S.W.2d at 529–531[1, 2]. It must be remembered, however, that a plaintiff is entitled to submit his cause as a rear-end collision if that submission is warranted by consideration of the evidence in the light most favorable to the plaintiff, giving him the benefit of all favorable inferences arising from his evidence and disregarding defendant's evidence except as it may aid the plaintiff. *Clevenger v. Walters*, supra, 419 S.W.2d at 107; *Neil v. Mayer*, supra, 426 S.W.2d at 715[3], and see generally *Welch v. Sheley*, 443 S.W.2d 110, 118[6] (Mo.1969).

Measured by these principles, the evidence warrants submission of plaintiff's case as a rear-end collision. Plaintiff testified that shortly before the accident, he was

driving east in the south lane of a four-lane east-west highway. He was driving about 20 miles per hour. As he was proceeding east, he "felt" a "slight impact" to the left rear of the vehicle he was driving. This first blow spun him counterclockwise in the highway and he was thereafter struck broadside by the defendant's vehicle.

The defendant testified on trial that he noticed plaintiff's automobile when it was still 100 yards or more to the east. Upon pretrial deposition, parts of which were introduced as admissions, defendant stated he saw plaintiff's vehicle when it was still 200–300 yards ahead, and observed that plaintiff was traveling "very slow", and, in the course of this deposition, defendant testified that he had *not* passed the plaintiff's vehicle when the collision took place; he was "just immediately behind and to the left of [plaintiff's] car" and plaintiff was in the outside lane. As we have said, the photographs are consistent with a finding that defendant misjudged plaintiff's speed and struck plaintiff's automobile a glancing blow as he attempted to pass. There are, to be sure, other versions of the facts in the record, but it was for the jury to determine whether defendant's pretrial testimony or his evidence upon trial was true, *Moore v. Ready Mixed Concrete Co.*, 329 S.W.2d 14, 20[2, 3] (Mo. banc 1959), and the jury was at liberty to believe all of the testimony of any witness or none of it, or to accept it in part and reject it in part, just as it found it to be true or false when considered in relation to the other testimony and the facts and circumstances of the case. *Kickham v. Carter*, 314 S.W.2d 902, 905[1] (Mo.1958); *Gould v. Chicago, B. & Q. R. Co.*, 315 Mo. 713, 723, 290 S.W. 135, 138[2] (1926); *Rakestraw v. Norris*, 478 S.W.2d 409, 419[22] (Mo.App. 1972).

The defendant has relied heavily on *Neil v. Mayer*, supra, 426 S.W.2d 711, as a precedent which defeats plaintiff's rear-end collision submission. We have read and reread *Neil v. Mayer*, and while we do not find an exceptionable sentence in the opinion, it simply does not control here. In *Neil*, the accident occurred 500 to 550 feet south of the intersection of Lemay Ferry Road and Lindbergh Road in St. Louis County. The *only* proof plaintiff had to offer which supported a rear-end collision submission was a showing of damage to the left rear fender of the cab which he was driving. The plaintiff's testimony was that the force of the collision threw him out the right front door of the cab, that he was dazed, did not know where the two vehicles came to rest after the accident and did not know what damage was done to either vehicle. The only basis plaintiff had for believing he had been struck from the rear was information he obtained from a bystander, and he admitted on cross-examination that he merely "presumed" he had been struck from the rear. The court quite properly held that no submissible case had been made under the rear-end collision doctrine. The opinion does not hold, as defendant argues, that the overtaken motorist must be struck squarely in the middle of the rear bumper in order to invoke the rear-end collision doctrine.

■ The defendant further complains of prejudicial misinstruction on the issue of plaintiff's liability. Plaintiff's liability was submitted under MAI No. 17.16 as originally formulated, rather than amended MAI No. 17.16, promulgated December 19, 1972, for use on and after July 1, 1973. The Kansas City District recently analyzed and rejected an identical assignment of error in *Coffer v. Paris*, 550 S.W.2d 915, 916–917[1, 2][3] (Mo.1977). The court there held that it was indeed error to submit a rear-end collision case under former MAI No. 17.16, but further held that the original version of MAI No. 17.16 imposes a greater burden on plaintiff than the amended version; therefore, there was no prejudice to defendant. Given the recent tendency of our courts to draw an analogy between the res ipsa loquitur doctrine and the rear-end collision submission, see *Barlow v. Thornhill*, supra, 537 S.W.2d at 420–421; *Lichtenberg v. Hug*, supra, 481 S.W.2d at 529, we are inclined to agree with the ruling in *Coffer v. Paris*, supra, 550 S.W.2d at 916–917, and accordingly hold that the jury was not prejudicially misinstructed on the issue of plaintiff's liability.

The defendant's complaint of the court's instruction on the measure of damages has considerably more merit. Plaintiff alleged that he had severely and permanently injured his left knee. Rather extensive medical testimony was adduced, but we need not recount it here. Plaintiff, who was 39 years of age at trial time, testified that since the accident, "I am [a] broke down old man, I guess. I was always active when I was young, and . . . [now] . . . I have to go back every three, six months to get it drained. . . . I can't do any lifting or walking up and down steps. It is real hard." Counsel inquired what medicine plaintiff took. Plaintiff answered, "I take about fifteen aspirins a day until I have to get off them. I take all the aspirin I can take as far as pain pills and anything I can get."

On cross-examination, plaintiff testified that prior to the accident, he had never had any problems with his left knee. He testified he had never made any claim for injury to his left knee. Counsel for defendant thereupon produced a file, certified as complete by the Division of Workmen's Compensation, showing that plaintiff had sustained an injury to his left knee on January 22, 1971, and that his claim for disability had been disposed of by compromise on March 28, 1972, for $1,300. The trial court admitted the file for purposes of impeachment, and plaintiff admitted that he had signed the claim for compensation and the receipt for compensation. The plaintiff maintains that for a number of reasons, the contents of the file were inconsequential, but it is unnecessary to take up and consider the several tenuous arguments advanced by the plaintiff in support of his position. The evidence unmistakably shows that plaintiff suffered an injury to his left knee before he was injured in the accident sued upon here. The only instruction given on the measure of damages was MAI No. 4.01, unmodified to limit the jury to a consideration of the results of the accident of October 28, 1974. For the reasons fully stated by this court in *Clark v. McCloskey*, 531 S.W.2d 36, 38–40[4] (Mo.App.1975), the trial court's failure to modify Instruction 5, submitting the issue of damages, was error prejudicial to the defendant.

We find no error in submitting the case as a rear-end collision and we find no prejudicial error in instructing the jury on the issue of plaintiff's liability. We find prejudicial error in submitting the issue of plaintiff's damages. Accordingly the case is reversed and remanded for a new trial on the issue of damages only. Rule 84.14, V.A. M.R.

All concur.