**Joseph M. BECKER, Respondent,**

v.

**Mrs. Carolyn FINKE, Appellant.**

**No. 39610.**

Missouri Court of Appeals,
St. Louis District,
Division One.

May 23, 1978.

Fitzsimmons & Fitzsimmons, Paul E. Fitzsimmons, Clayton, for appellant.

Samuel A. Goldblatt, William R. Kirby, St. Louis, for respondent.

McMILLIAN, Judge.

Appellant Carolyn Finke appeals from a judgment entered on a jury verdict in favor

of respondent Joseph M. Becker in the amount of $15,000. The judgment arose out of a suit seeking damages for injuries allegedly sustained by respondent Joseph M. Becker in an automobile accident that occurred in St. Louis on November 14, 1975.

On appeal appellant challenges the sufficiency of the evidence; thus a recitation of the pertinent facts is necessary. On November 14, 1975, respondent Becker was driving east on Loughborough Avenue and made a stop at the stop sign at Loughborough and River Des Peres Drive. Respondent then turned right and proceeded south on River Des Peres in the curb lane. After travelling approximately 100 feet, respondent stopped his car in order to put his sunglasses on, as the sun was shining into his eyes. Meanwhile, appellant had taken a right turn onto River Des Peres Drive. Appellant saw respondent's stopped car, and tried to swerve to the left; however, she failed to avoid the car and struck the left rear of respondent's automobile.

Appellant, at trial, contested these facts in trying to prove that the accident took place at the intersection, rather than 100 feet south of the intersection. Appellant testified that respondent's car was located on River Des Peres only six feet south of the intersection. She claimed that when impact occurred one-half of her car was on River Des Peres Drive, and the other half was on Loughborough. In other words, appellant claims that she was in the intersection at the time of impact.

The trial court submitted the following instruction:

"INSTRUCTION NO. 3

"Your verdict must be for plaintiff if you believe:

"First, defendant's automobile came into collision with the rear of plaintiff's automobile, and

"Second, defendant was thereby negligent, and

"Third, as a direct result of such collision, plaintiff sustained damage. .

"MAI 17.16 by the plaintiff."

On appeal, appellant challenges, as 'her sole point relied on, the trial court's submission of Instruction No. 3. The sole question presented is whether there was sufficient evidence to warrant submission of plaintiff's instruction based on the rear-end collision doctrine.

It is quite settled in Missouri that in determining whether a submissible case was made, the evidence is considered in the light most favorable to respondent, accepting as true all that is not entirely unreasonable or contrary to physical facts or natural laws and giving to respondent the benefit of all favorable inferences that reasonably may be drawn from such evidence. *Epple v. Western Auto Supply Co.,* 548 S.W.2d 535, 538 (Mo.1977); *Vaeth v. Gegg,* 486 S.W.2d 625, 629 (Mo.1972); *Hays v. Proctor,* 404 S.W.2d 756, 758 (Mo.App.1966). After reviewing the record, we find that respondent did make a submissible case based on the rear-end collision doctrine.

From the evidence the jury could have reasonably found that respondent was stopped in the curb lane of River Des Peres Drive, approximately 100 feet south of Loughborough Avenue. As noted above, respondent had stopped at this point to put on his sunglasses. At this time, appellant who had just made a right turn onto River Des Peres Drive from the intersection, ran into the rear end of respondent's car. Thus, the evidence shows that respondent was stopped in a lane where he was entitled to be stopped; that appellant made a right turn into this lane; and that, after travelling approximately 100 feet, appellant struck respondent's automobile from the rear. A prima facie case of negligence was made.

Appellant argues, citing *Lichtenberg v. Hug,* 481 S.W.2d 527, 529 (Mo.App.1972), that time and distance available to the overtaking driver are necessary factors in determining whether the fact of collision gives rise to an inference of negligence. We wholeheartedly agree; however, because all favorable inferences must be given to respondent, we may only assume that the jury found that the respondent was not negligent in stopping 100 feet from the

intersection and that appellant should have been able to stop or avoid the collision within this distance.[1]

Appellant has cited *Rosenfeld v. Peters,* 327 S.W.2d 264 (Mo.1959) and *Todd v. Presley,* 413 S.W.2d 173 (Mo.1967), to aid in her argument. These cases are distinguishable, however, from the presented fact situation. Both *Rosenfeld* and *Todd* involve situations where the plaintiff, having made an intersectional stop, pulled out onto a highway at which time a rear-end collision occurred. Both cases involved clear failure to yield situations, rather than a situation where the rear-end collision doctrine would be applicable. Contrasted with the present facts, there was no failure to yield at an intersection in either *Rosenfeld* or *Todd.* The present case involves a fact situation in which an overtaking car, having the time and distance to avoid collision, struck an overtaken car from the rear. The rear-end collision doctrine appears clearly to be applicable.

Accordingly, judgment of the trial court is affirmed.

CLEMENS, P. J., and SMITH, J., concur.

---

1. It must be noted that appellant was only travelling approximately four to five miles per hour at the time of the accident.