Gerald PITEZEL and Jerry Lee Pitezel, a minor, by Gerald Pitezel, parent and next friend, Appellants,

v.

Roberta C. DANIELSON, a minor, by Betty Danielson, Guardian ad litem, Respondents.

No. 39369.

Missouri Court of Appeals, St. Louis District, Division One.

Aug. 8, 1978.

Klutho, Cody & Kilo Attorneys, Inc., St. Louis, for appellants.

Kortenhof & Ely, Frank E. Strzelec, St. Louis, for respondents.

CLEMENS, Presiding Judge.

Collision case brought by plaintiff-motorcyclist when he collided with the defendant's preceding automobile.[1]  The jury

---

1.  Both drivers were minors.  Plaintiff Jerry Pitezel sues by his father, Gerald Pitezel, as next friend, and the father joins as co-plaintiff.  Defendant Roberta Danielson is defended by her guardian ad litem, Betty Danielson.  We refer to each of the drivers in the singular, as plaintiff and defendant.

found for defendant and plaintiff has appealed defendant's judgment.

Plaintiff submitted on defendant's failure to yield the right-of-way by entering the highway from a private driveway. Defendant submitted plaintiff's contributory negligence by a three-pronged instruction—driving into the rear of her car, failing to keep a careful lookout and following too closely. Plaintiff contends each submission lacked evidentiary support. This requires a statement of the disparate evidence.

The head-to-tail collision occurred on four-laned Manchester Road in St. Louis County, just short of Manchester's intersection with Schall Avenue. Both plaintiff's motorcycle and defendant's car were then in the Manchester's inner, westbound lane. Visibility was unobstructed for 500 feet leading to the point of impact.

Plaintiff was the sole witness to his version of defendant's liability. He testified he was driving 45 miles an hour when he saw defendant's car, then only 20 to 30 feet away, angling northwest across Manchester's centerline into his path in the westbound lane; defendant was coming from the direction of the Derby gas station located on the south side of Manchester, only a short distance back from the point of collision; plaintiff braked his motorcycle, but hit the right rear corner of defendant's car while it was still turning. He was thrown from his motorcycle and was momentarily unconscious. Plaintiff's father testified, and a photograph showed, the only damage to defendant's car was at the back side of its right rear fender.

Defendant's and her passenger's version of the collision contrasted starkly. Defendant had driven out into Manchester's inner westbound lane from a restaurant on its southside, some 500 feet back from the point of collision. By then they had signalled a left turn, had come to a momentary stop preparing to turn left into Schall when they "felt the impact from behind" which pushed her car straight forward. Defendant testified that after the collision she found a strand of plaintiff's blue jeans stuck to the bumper or rear signal light. Employees at the Derby gas station—from which plaintiff inferred defendant had driven across Manchester—testified: Defendant had not been there before the collision; damage to defendant's car was to the rear quarter panel and tail pipe, and the rear bumper had been replaced during repairs.

We look to defendant's evidence to assess plaintiff's contention her three-pronged contributory negligence instruction lacked evidentiary support. The instruction, a modified MAI 32.01, submitted in paragraph First that plaintiff "either permitted his motorcycle to come into collision with the rear of defendant's automobile, or failed to keep a careful lookout, or was following defendant's car too closely."

■ Rear-end submission. Plaintiff cites *Niel v. Mayer*, 426 S.W.2d 711 [3–6] (Mo. App. 1968), holding the evidence there did not warrant a rear-end submission. That evidence was only that collision damage was to "the left-side, near the rear" and plaintiff's self-serving statement that he believed his cab had been struck from the rear. In contrast, the several specific items of defendant's evidence detailed above sufficed to warrant the jury in finding plaintiff "permitted his motorcycle to come into collision with the rear of defendant's automobile." We deny plaintiff's first contention.

■ Lookout submission. Plaintiff's contention there was no evidence he failed to keep a careful lookout is based on his—not defendant's—version of the facts. We consider defendant's evidence that plaintiff had an unobstructed view of her car for a driving distance of 500 feet from the time she pulled out onto the highway, and also consider plaintiff's own testimony that he did not see defendant's car until it was 20 feet in front of him. Defendant's lookout submission did not lack evidentiary support.

Following too closely submission. Plaintiff contends there was no evidence he was following defendant's car too closely. To

show this submission was speculative he relies on *Ryan v. Manheimer*, 435 S.W.2d 366 [4] (Mo. 1968), holding that although contributory negligence may be shown circumstantially, "for the inference to be legitimate, the circumstances must of course point to the desired conclusion [here, following too closely] with reasonable certainty; . . . ."

 Section 304.017, RSMo. 1969, required that plaintiff "shall not follow another vehicle more closely than is reasonably safe and prudent . . . ." From the evidence the jury could reasonably find: Plaintiff was driving 45 miles an hour; within his full view the defendant's car had come to a stop ahead of him; just before the collision plaintiff braked and laid down 15 feet of skid marks. Although there was no direct evidence of the distance at which plaintiff was following defendant's car, the stated circumstances could warrant the jury in finding that plaintiff, in the exercise of the highest degree of care, was following defendant too closely for his own safety. The jury could have reasonably concluded that had plaintiff been following defendant's car at greater distance he could, in the exercise of the highest degree of care, have avoided the collision. And, our conclusion is fortified by plaintiff's own evidence of the investigating police officer that plaintiff's following too closely was a contributing factor to the collision. We hold the trial court did not err in submitting the challenged issue.

In sum, we hold the trial court did not err in submitting plaintiff's contributory negligence by Instruction No. 6.

Plaintiff raises two other points we find are without merit. He contends he was surprised by testimony of unendorsed witness Dennis Saltzman. The witness testified, cumulatively, about damage to defendant's car and plaintiff did not object. No error was preserved. *Keyte v. Parish*, 399 S.W.2d 601 [8, 9] (Mo.App. 1966). Plaintiff also contends the verdict was against the weight of the evidence on the ground there was no evidence of his contributory negligence. Our approval of defendant's contributory negligence instruction refutes that contention.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.