**Marsha K. YORK, Plaintiff/Appellant,**

**v.**

**James M. STONECIPHER, Defendant/Respondent.**

**No. 62018.**

Missouri Court of Appeals, Eastern District, Division One.

May 18, 1993.

Marc S. Wallis, Newman & Bronson, St. Louis, for plaintiff/appellant.

James W. Childress, Holtkamp, Liese, Beckemeier & Childress, P.C., St. Louis, for defendant/respondent.

AHRENS, Presiding Judge.

Plaintiff, Marsha York, appeals from a judgment entered on a jury verdict in favor of defendant, James Stonecipher, in this action for personal injuries arising out of a motor vehicle collision. Plaintiff alleges the trial court erred in submitting to the jury the rear-end collision doctrine as a defense because it was not supported by the evidence. We affirm.

We review the evidence in the light most favorable to the verdict, giving defendant,

as the prevailing party, the benefit of all reasonable inferences. *Kaufmann by Kaufmann v. Nagle,* 807 S.W.2d 91, 92 (Mo. banc 1991).

The evidence revealed the following. On the morning of December 26, 1987, plaintiff and defendant were driving their vehicles eastbound on Gravois Road, near the intersection of West Watson Road. In that area, Gravois Road is straight and level, with two eastbound lanes and two westbound lanes divided by a grass median with an eight foot shoulder. The weather was cloudy, and the pavement was dry. Plaintiff and defendant were both driving in the right lane; plaintiff was driving behind defendant's vehicle.

The parties' versions of how the collision occurred differ. Plaintiff testified that a car in front of her was "smoking" to the extent that she could not see in the right lane, so she drove into the left lane. Defendant also pulled into the left lane. At that point, both parties' vehicles were travelling fifty miles per hour and plaintiff was four to five car lengths behind defendant. The "smoking" vehicle then pulled onto the right shoulder.

Plaintiff stated she was about three car lengths behind defendant's vehicle when defendant suddenly stopped in the left lane. Plaintiff attempted to apply her brakes, but she did not have enough time to stop. Plaintiff swerved her vehicle "a bit", but struck the rear of defendant's vehicle. The collision occurred in the left lane of traffic. Plaintiff estimated defendant's vehicle had slowed from a speed of fifty miles per hour to less than ten miles per hour at the time of the collision. During the time defendant slowed his vehicle, plaintiff's vehicle travelled approximately 150 to 200 feet. Plaintiff maintained eye contact with defendant's vehicle for the entire 150 to 200 feet distance, but was "just not expecting him to stop so abruptly."

Defendant testified he was driving his vehicle approximately forty-five miles per hour when he first saw a car ahead of him "smoking." As defendant passed the car that was "smoking," his car started "missing." Defendant began to slow down, put on his left blinker and then started to pull into the grass. As he was slowing and pulling his vehicle off to the left, two or three cars passed defendant. His car was "mostly off" the highway when he felt an impact from the rear. Defendant's vehicle was travelling about four to six miles per hour at the time of the collision.

The police officer who investigated the accident testified he observed no skid marks at the scene attributable to plaintiff's vehicle. He determined that the impact occurred in the inside, or left, eastbound lane. The officer further testified it appeared that, upon impact, defendant's vehicle was forced into the center median area facing northeast. Plaintiff's vehicle came to rest off the south shoulder of the eastbound lanes, partially blocking the right lane.

Plaintiff alleges the trial court erred in submitting the comparative fault of plaintiff in instruction number 8, over the objection of plaintiff, because the submission of the rear-end collision doctrine was not supported by the evidence. Plaintiff alleges there was not sufficient time or distance for her to avoid striking the rear of defendant's vehicle, and therefore the rear-end collision doctrine is not applicable in this case. In her point relied on, plaintiff claims the evidence showed that:

> defendant suddenly slowed his vehicle nearly to a stop from approximately 45 to 50 miles per hour in the left lane of a 55 mile per hour divided highway in a distance of 150 to 200 feet when plaintiff was travelling 4 to 5 car lengths (approximately 60 feet) behind defendant....

The rear-end collision doctrine is applicable when:

> [t]he court determines from all the evidence, taken in the light most favorable to the proponent of the theory, that the collision with the rear of the lead vehicle

may be found to have occurred under circumstances which the court believes would permit the jury to draw an inference of negligence without proof of what action or omission comprised the negligence by the driver of the following vehicle. *Mueller v. Storbakken,* 583 S.W.2d 179, 182 (Mo. banc 1979).

Plaintiff relies upon cases in which our appellate courts have held the rear-end collision doctrine inapplicable, recognizing certain limitations of the defense. Plaintiff cites *Kaufmann by Kaufmann,* 807 S.W.2d 91, which states the "time and distance available to the overtaking driver are necessary factors in determining whether the fact of collision gives rise to an inference of negligence." *Kaufmann by Kaufmann,* 807 S.W.2d at 95 (defendant had neither the time nor distance to stop when first seeing plaintiff's vehicle only after reaching the crest of icy hill). In addition to *Kaufmann,* 807 S.W.2d 91, plaintiff relies upon *Jensen v. Pappas,* 684 S.W.2d 524 (Mo.App.1984) (plaintiff's decedent unable to avoid collision where defendant's truck was parked for a long period of time on a dark city street, occupying approximately two-thirds of paved portion of one lane, with none of the tail lights on immediately after the accident), and *Lichtenberg v. Hug,* 481 S.W.2d 527 (Mo.App.1972) (plaintiff not contributorily negligent where defendant made a left turn into plaintiff's lane of traffic at an unlighted intersection on a dark night and plaintiff followed defendant for less than one second).

These cases are distinguishable on their facts. They involve limitations such as icy road conditions on a hillcrest, a vehicle stopped at night in a traffic lane for a long period of time with no taillights on in an area without any streetlights, and a sudden turn into the following vehicle's lane of traffic. Such factors are not present here. It was daylight and the road was level, straight, and dry. There was an eight foot shoulder and a grass median. Defendant's car had started to slow down, had its left blinker on, and was starting to pull off onto the shoulder before the accident. Plaintiff's vehicle travelled 150 to 200 feet during the time she observed defendant's vehicle slowing down. Her view of defendant's car was unobstructed. Assuming a three-fourths of a second reaction time, *Mueller,* 583 S.W.2d at 183, at fifty miles per hour, plaintiff's vehicle travelled approximately fifty-five feet while she reacted. Thus 105 to 145 feet remained within which plaintiff could have reacted to avoid the collision. At fifty miles per hour, plaintiff had 1.43 to 1.98 seconds to travel the 105 to 145 feet.

In *Mueller,* our supreme court found no error in submitting the rear-end collision doctrine where the following vehicle had 1.25 to 2.33 seconds to avoid the collision, exclusive of reaction time and skidding time. *Mueller,* 583 S.W.2d at 183. Here, the jury could reasonably have found from the evidence that plaintiff had 1.43 to 1.98 seconds to avoid the collision, exclusive of reaction time. The evidence revealed no skid marks by plaintiff's vehicle, only minimal swerving, and that plaintiff barely hit her brakes before impact. From this evidence, taken in the light most favorable to defendant as the proponent of the theory, the jury could have reasonably drawn an inference of negligence without proof of what action or omission comprised the negligence by plaintiff. We find no error in the trial court's submission of the rear-end collision doctrine as a theory for the defense.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.