**Clara BURNS, Respondent,**

v.

**PROPERTY SERVICING COMPANY, a Corporation, and Kotsrean Realty Company, Inc., Appellants.**

No. 44245.

Supreme Court of Missouri.

Division No. 1.

March 14, 1955.

Alexander & Robertson, L. A. Robertson, Ernest E. Baker, St. Louis, for appellants.

Barnhart, Wood & Bransford, Joseph A. Rogers and C. V. Barnhart, St. Louis, for respondent.

HOLLINGSWORTH, Judge.

This is an action for damages for personal injuries sustained by plaintiff on April 24, 1952, as the result of an arsonous fire set by a tenant in defendants' three-story apartment building which was not equipped with a fire escape as required by Chapter 320, § 320.010 et seq. RSMo 1949, V.A.M.S. Verdict and judgment were for plaintiff in the sum of $14,000. Defendants have appealed, alleging: (1) that no submissible case was made; (2) error in the instructions; and (3) error in excluding certain proffered evidence.

The case here under consideration arises out of the same fire and in the main presents the same issues as the case of Elwood Gaines v. Property Servicing Co., No. 43,988, Mo., 276 S.W.2d 169, wherein this court affirmed a judgment in favor of plaintiff therein, and to which reference is hereby made.

The building in question, owned and operated by defendants, was a three-story tenement house situate at 103 Channing Avenue, on the west side of the street. It was more than fifty years old. There was no evidence that it ever had been rebuilt or altered. The first floor was about five steps above street level. The front door was located in a vestibule near the northeast corner of the building. A doorway led into an interior hallway, which extended along the north side of the first floor. A stairway led from the first floor hallway to an interior second floor hallway, which also extended along the north wall of the building. A stairway also led from the second floor hallway to an interior hallway on the third floor of the building. The hallway on the third floor also extended along the north wall from an apartment at the east end of the building to an apartment at the west end. The stairway from the first to the second floor and from the second to the third floor was of wooden construction. There was no fire escape on either the outside or inside of the building.

Plaintiff and Elwood Gaines were and for about two years had been tenants of defendants, occupying the one room and kitchenette apartment on the third floor at the east front of the building. Pearl Hodges occupied the apartment at the west rear of the third floor. Two tenants occupied the two apartments on the second floor. One Roosevelt Haley and his wife occupied the one apartment on the first floor.

Plaintiff and Gaines entered the building about three, P.M., on the day of the fire. They heard Haley arguing with his wife. Plaintiff and Gaines proceeded to their apartment on the third floor. After several hours spent in their apartment, plaintiff started downstairs. When she reached the stairway between the first and second floors she saw Haley sprinkling fluid from a five-gallon can about his apartment and the hallway on the first floor. The fluid was burning and she last saw Haley backing up in the hallway as he sprinkled the fluid about. She retreated upstairs, knocked on the doors of the tenants' apartments on the second floor and notified them of the fire, went to the apartment of Pearl Hodges on the third floor rear (west) and notified her of the fire. Pearl Hodges came into the hallway and shortly thereafter returned to her apartment, closing the door thereof. Elwood Gaines, hearing the call of "Fire", came into the hallway at that time. The fire was then coming up the stairs and hall-

way. It had passed the second floor and was coming up to the third floor. Plaintiff was terribly scared. She and Gaines went into their apartment. She went to the front bay windows of their apartment trying to escape, but they were of wooden construction and were burning. She there received burns. Gaines took her from those windows, knocked out a south window of their kitchenette and urged her to jump from it to the roof of a lower adjacent building. Her feet were burning and the fire was in the apartment. She was afraid to jump until he preceded her, but did so after he jumped. She was severely burned and injured.

There was no exit from the second and third floors other than down the stairway. The fire was more concentrated in the front of the building. It burned intensely up through the wooden bay windows at the front of the building and westwardly and upwardly through the stairway. The front rooms on all three floors and the stairways were burned more and earlier than the rear rooms.

It is admitted that §§ 320.010–320.020 RSMo 1949, V.A.M.S., required defendants to maintain a fire escape on the building at a place designated by the Fire Marshal of the City of St. Louis. The Fire Marshal testified that a fire escape on the building would be required to be erected on the west (rear) wall. Thus plaintiff, from her apartment, would have had access to such an escape through the third floor hallway.

Pearl Hodges became caught in a wire at a window of her apartment in an effort to escape and died of burns and injuries sustained as a result of the fire. Haley was convicted of arson in the setting of it.

■ Defendants contend that the court "erred in overruling defendants' motion for a directed verdict at the close of all the evidence. The evidence fails to show that the negligence charged against defendants was a proximate cause of plaintiff's injuries." In the aforesaid case of Elwood Gaines v. Property Servicing Co., No. 43,988, we considered at length each and

every argument advanced by defendants herein on this point and held that a submissible case was made. Upon re-examination of these contentions, we are constrained to adhere to the ruling therein made.

■ Defendants next contend that Instruction No. 1 given at the request of plaintiff was erroneous in that:

(1) "It directed the jury to find proximate cause if plaintiff could have escaped down a fire escape and excluded from the jury's consideration evidence of the cause of the fire, the kind of fire, the intervening intentional act of a third person in setting the fire, which, if true, justified a finding that the negligence charged was not a proximate cause of plaintiff's injuries, but was only a remote cause and not actionable;"

■ (2) It "gave the jury a roving commission to speculate as to where defendant was required to maintain a fire escape on the building, when defendants' only duty was to maintain a fire escape at the place on said building required by law;"

■ (3) It "erroneously permits the jury to find against defendants for violation of Section 320.040, V.A.M.S., (which provides for interior fire escapes on buildings erected or altered after passage of statute), when there is no evidence that the building in question was erected or altered after the passage of the statute."

Instruction No. 1 in the instant case is identical in substance with Instruction No. 1 given at the request of plaintiff in the Gaines case, supra. We there considered each of the foregoing contentions made against it here and ruled them adversely to the defendant. We adhere to that ruling.

■ Defendants contend that Instruction No. 2, given at the request of plaintiff, "erroneously permits and directs the jury to consider questions of law on the issue of defendants' duty to maintain fire escapes and on the issue of proximate cause between the alleged negligence of defendants and plaintiff's injuries." Instruction No. 2 is identical in substance with Instruction No.

2 given in the Gaines case, supra. We there considered the criticism here made against it and ruled the point adversely to defendant therein. We adhere to that ruling.

■ Defendants contend that Instruction No. 3 given at the request of plaintiff is erroneous, in that it "excludes from the jury's consideration evidence of the cause and nature of the fire on the issue of proximate cause and contributory negligence, when the jury should have been permitted to consider the cause and nature of the fire on the issue of proximate cause as well as on the issue of plaintiff's contributory negligence." Instruction No. 3 given herein is identical in substance with Instruction No. 6 in the Gaines case, supra. We there considered the criticism here made of it and overruled the contention made. We adhere to that ruling.

■ Defendants contend that Instruction No. 3 "erroneously conflicts with Instruction No. 4 in that it excludes from the jury's consideration the evidence bearing on the cause, kind and nature of the fire, and Instruction No. 4 permits the jury to consider such evidence on the issue of contributory negligence." Instruction No. 3, in effect, directed the jury that the fact that the fire was caused by a criminal act was immaterial and that if the jury found the issues in favor of plaintiff it should not take such fact into consideration in assessing her damages. Instruction No. 4 submitted the issue of plaintiff's contributory negligence. It hypothesized a finding that when plaintiff saw Haley spreading the fire she was on the stairway between the second and first floors; that she then knew that the only way to leave the building was down the stairway and through an outside door near the bottom of the stairway; that she could safely have left the building in that manner; that, instead, she retreated to the third floor; that, in so doing, she was negligent; and that her negligence contributed to her injuries; then the verdict should be in favor of defendants. There is no conflict in these instructions. Instruction No. 3 did not preclude the jury from considering everything that Haley did and everything that plaintiff saw him do in determining the issue of plaintiff's contributory negligence. All that Instruction No. 3 did was to direct the jury that the criminality of Haley's acts would not affect plaintiff's right to recover or the amount of any damages to be awarded her, if the jury found defendants liable for her injuries. The contention is overruled.

■ Defendants' next assignment is that the court erred in refusing their proffered Instruction A which was "proper and necessary * * * to guide the jury in determining the issue of proximate cause * *." Instruction A would have directed the jury that unless it found from the evidence that defendants, in the exercise of reasonable care, would anticipate that the building would be *wilfully ignited by some person,* then plaintiff could not recover. (Emphasis ours.) In the Gaines case, supra, we held that it was wholly immaterial whether the fire in question had its origin in accident, act of God, negligence or wilful, intentional and wrongful conduct; and that when the defendant therein failed to provide a fire escape in compliance with the statute it could reasonably have foreseen that a fire might occur in the building which would cause injury to a tenant. We adhere to that ruling. The trial court did not err in refusing Instruction A.

■ Defendants' next assignment is that the trial court erred in refusing their proffered Instructions B, C, and D. Each of these instructions directed a verdict for defendants if the jury found that the existence of a fire escape would not have enabled plaintiff to escape *after plaintiff had gone to the east room on the third floor* (the apartment occupied by plaintiff and Gaines) *and notified Gaines of the fire.* (Emphasis ours.) Each of these instructions erroneously permits a finding that plaintiff went into her and Gaines' apartment to notify Gaines of the fire and that she was there trapped by the fire. Those are not the facts, as shown by the evidence. The testimony showed that Gaines heard the call of "Fire" and went into the third floor hallway and there met plaintiff; that

the fire was then between the second and third floors and burning fiercely in the stairway. The natural and impelling inference is that had there been a fire escape on the third floor they could have escaped through it. The further impelling inference is that they retreated into their apartment because there was no other place to go. It is clear therefore, that Instructions B, C, and D were erroneous in predicating a finding in favor of defendants if plaintiff's escape was cut off only after she entered her apartment. The trial court did not err in refusing them.

Defendants' final assignment is that the court "erred in excluding evidence of the rapidity of the spread of the fire started by spreading. fuel oil about on objection of plaintiff because this evidence was relevant and material on the issue of proximate cause and contributory negligence." In their argument, defendants say: "In this case on cross-examination plaintiff had elicited from the Fire Marshal of the City of St. Louis, information concerning the rapidity with which the fire would spread when fuel oil was ignited. The evidence was not complete on this question. It left some of the issues which were influenced by the rapidity of the fire uncertain. Defendants were urging the issue of contributory negligence on the part of plaintiff and the issue of proximate cause between the alleged negligence of defendants and plaintiff's injury. The rapidity with which the fire spread had a direct, important and almost controlling relation and bearing to both these issues. The Court, in excluding evidence defendants attempted to elicit from this witness concerning the spread of the fire, committed error and abused its discretion in so doing."

 We have searched the record in vain for any limitation placed by the court upon defendants' examination of the Fire Marshal as to the rapidity of the spread of the fire. The record does show that, after the marshal had testified at length as to the rapidity of the spread of the fire, defendants' counsel expounded to him two hypothetical questions setting forth a sum-

mary of his testimony as to the rapidity of the spread of the fire and asking him if he had an opinion whether an individual on the stairway could have escaped from the fire. The court sustained an objection upon the ground that the question invaded the province of the jury. Defendants made no proffer as to what the opinion of the witness, if any he had, would have been. But we are not convinced that the court erred, even if the proffer had been made. The testimony was not a matter calling for the opinion of an expert. The jury had before it all of the surrounding facts. It could as well as an expert determine that question from the common experience of mature persons.

The judgment is affirmed.

All concur.