Elva ALVEY, Plaintiff-Respondent,

v.

SEARS, ROEBUCK AND COMPANY, a Corporation, Defendant-Appellant.

No. 49163.

Supreme Court of Missouri,

Division No. 2.

July 16, 1962.

Motion for Rehearing and Motion to Transfer to Court en Banc Denied Sept. 10, 1962.

William A. Rundle, Jr., F. Burck Bailey and Morrison, Hecker, Cozad & Morrison, Kansas City, Kahn, Adsit & Arnstein, Chicago, of counsel, for appellant.

Arthur C. Popham, Kansas City, Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel, for respondent.

PER CURIAM.

This is a suit to recover damages for personal injuries alleged to have been sustained by plaintiff when she fell in an aisle of defendant's place of business in Kansas City, Missouri. A trial resulted in a verdict for plaintiff in the sum of $7400. Defendant appealed to the Kansas City Court of Appeals. That court reversed the judgment without remand on the theory that the evidence was insufficient to support a verdict for plaintiff. Alvey v. Sears, Roebuck & Co., Mo.App., 350 S.W.2d 257. On motion, the Court of Appeals transferred the cause to this court. The case is here to be considered as though it had been appealed directly to this court.

Two points were briefed by defendant: (1) that the trial court should have directed a verdict for the defendant; and (2) that the trial court erred in admitting evidence of a statement alleged to have been made by an unknown bystander to the effect "That is what she fell on." The bystander is alleged to have exhibited a small, round plastic object about 1½ inches in length and ¼ inch in diameter. This object was designated as Exhibit 1 and introduced in evidence at the trial of the case.

The evidence in the record justifies the following statement of facts: About midday on December 17, 1956, plaintiff, 49 years old, went to defendant's store with her son Ernest, 19 years old. After entering the store, they walked south in the main aisle about 6 feet in width. As plaintiff and her son were walking along, they noticed a man about 15 feet ahead of them who later proved to be Eugene Tallant, an assistant manager of the store. Sporting goods and automobile accessories were on display on either side of the aisle. Plaintiff testified that after they had walked about 15 feet down the aisle, she stepped on something round which rolled and caused her to fall forward to the floor; that while she was on the floor, a man gave her son an object (Exhibit 1 above mentioned) and the man stated, "That is what she fell on."

The son testified, corroborating the evidence of his mother. He further testified that the unknown bystander gave Exhibit 1 to him and he in turn gave it to his father. The evidence of plaintiff and her son was that after she fell, a man came to them and helped the mother; that this man ordered a wheelchair; and that plaintiff was taken to a restroom and later went home with her son.

Eugene Tallant testified that he was the assistant manager in the department which included the aisle where plaintiff fell. He stated that he heard a commotion and

went to the aisle and found plaintiff on the floor; that he helped her up, but did not say anything to her; that he did not order the wheelchair. He further testified that he was about 15 feet from the place plaintiff fell when he heard the commotion; that he did not see Exhibit 1 until the day of the trial; that he saw no bystander with an object and did not hear anyone say, "That is what she fell on." Other evidence may be stated if necessary in passing on points of law presented for our consideration.

We shall first dispose of the second point, that the statement of the bystander should not have been admitted. Defendant says that this alleged statement was hearsay. Plaintiff says it was res gestae and admissible. Plaintiff further says that it was the defendant who first brought this evidence into the case. We are of the opinion that plaintiff is correct in her contention that it was the defendant who first adduced this evidence. We quote from the record as to what occurred during the examination by Mr. Popham, plaintiff's attorney:

"Q   All right. Now, do you know what it is that made you fall?

"A   Yes. I stepped on a round object, and my foot slipped.

"Q   When you stepped on it, what did it do?

"A   My foot rolled forward.

"Q   And when it rolled forward, what happened to you?

"A   Well, I threw up both hands to keep from falling backward, and I just leaped forward and fell right on my stomach and face.

"MR. POPHAM: Well, I have it somewhere.

"Q   (By Mr. Popham)   Did you see that thing afterwards?

"A   Yes.

"Q   What was the color of it?

"A   Red.

"Q   Did you know it was there before you stepped on it?

"A   No, I didn't.

"MR. POPHAM: I will find that later. I have got it someplace in the file in an envelope.

"THE COURT: Let's have an afternoon recess, gentlemen, while counsel looks for his evidence.

"Proceed, gentlemen.

"Q   (By Mr. Popham)   I have found it. Mrs. Alvey, is this the object that you were talking about?

"A   Yes, sir.

"MR. POPHAM: Would you offer this in evidence?

"(PLAINTIFF'S EXHIBIT NO. 1 WAS MARKED FOR IDENTIFICATION.)

"THE COURT: Let me see it.

"MR. RUNDLE (Attorney for the defendant): I would like leave to ask some qualifying questions, Your Honor, with reference to this object before Your Honor rules on it.

"THE COURT: Go ahead.

"Q   (By Mr. Rundle): Mrs. Alvey, you have testified that what has been marked as Plaintiff's Exhibit 1 is what you fell on in Sears' store on the date in question?

"A   What is it?

"Q   I said that you have testified that this object which has been marked as Plaintiff's Exhibit 1 is what you fell on in Sears Roebuck Store on December 17, 1956?

"A   Yes.

"Q May I ask you, Mrs. Alvey, when was the first occasion after your fall that you saw this object which has been marked as Plaintiff's Exhibit 1?

"A Well, there is a fellow came—

"MR. POPHAM: Keep it up. We can't hear you.

"A A man came down—

"Q (By Mr. Rundle) When was the first time that you saw this object following the time that you fell?

"A When the man picked it up and handed it to my son.

"Q When the man picked it up and handed it to your son?

"A Yes, sir, immediately after I fell.

"Q And that is the first time that you saw it?

"A Yes, sir.

"Q Did you look around and see this on the floor, yourself?

"A No.

"Q And the only reason that you say this is what you fell on is because somebody unknown to you handed it to your son?

"A He said, 'That is what she fell on.'

"Q I didn't ask you that. I asked you to answer my question. You said this is the reason that you think that you fell on it is because someone picked it up and said that you fell on it, and that is the only reason that you say that you fell on it?

"A Yes.

"MR. POPHAM: May I ask her, please? May I have that, sir?

"Q (By Mr. Popham) Immediately after you fell and this man picked it up and handed it to your son, what did he say?

"MR. RUNDLE: I object to that as calling for hearsay testimony.

"MR. POPHAM: It is part of the res gestae. It occurred at the same time, Your Honor.

"THE COURT: Overruled.

"A He said, 'That is what she fell on.'

\*     \*     \*     \*     \*     \*

"Q (By Mr. Popham) Did you see this man pick it up and hand it to your son?

"A Yes, sir. He picked it up off the floor."

▆ The examination of the witness by defendant's counsel was had in the presence of the jury. No motion was made to strike the evidence from the record. It may be noted here that Exhibit 1 was properly admitted for the reason that plaintiff testified that she saw the unknown bystander pick it up from the floor. In the circumstances, defendant is in no position to urge that the evidence as to the statement made to the effect "That is what she fell on." was inadmissible under the res gestae rule. "An objection to the admission of evidence is waived where the same or similar evidence has been elicited or introduced by the objector, \* \* \*." 88 C.J.S. Trial § 116, p. 236; Dorn v. St. Louis Public Service Co., Mo.App., 250 S.W.2d 859, loc. cit. 865 (2, 3); State ex rel. State Highway Commission v. Schutte Investment Co., Mo., 334 S.W.2d 241, loc. cit. 246, 247 (5, 6).

▆ If, as defendant contends, the evidence elicited was objectionable, a motion to strike the evidence from the record should have been made. 88 C.J.S. Trial § 133, p. 267. In the state of the record, the evidence concerning the state-

ment made by the bystander was placed before the jury by the defendant. Defendant says the questions asked were preliminary or qualifying questions for the purpose of making an objection. That did not obviate the requirement of asking the court to instruct the jury to disregard the answer or statement and have it stricken from the record. Le Grand v. U-Drive-It Co., Mo., 247 S.W.2d 706, loc. cit. 714 (15).

In the brief and in the oral argument, defendant stated that even if the evidence as to the statement made by the bystander be admitted and Exhibit 1 was on the floor and caused plaintiff to fall plaintiff nevertheless failed to make a case for a jury.

The question of whether the evidence in the record before us is sufficient to sustain a verdict for plaintiff is indeed narrow and close. Plaintiff, for her recovery, relied upon the fact that a foreign substance on the floor of defendant's place of business caused her to fall and to be injured. Therefore, cases wherein a defective condition of the premises caused injury are not in point. Neither are cases in point wherein plaintiffs were permitted to recover where the evidence disclosed the foreign object or condition causing the injuries had existed for a such a length of time as to import constructive or actual knowledge on the part of the defendant. For a discussion of a number of such cases, see Turner v. College Amusement Co., Mo., 217 S.W.2d 504, and see State ex rel. Trading Post Co. v. Shain, 342 Mo. 588, 116 S.W.2d 99, where a defendant was held not liable because plaintiff failed to show the length of time the foreign substance had been on the floor of the defendant's store.

In Lance v. Van Winkle, 358 Mo. 143, 213 S.W.2d 401, this court held a plaintiff who had slipped on ice cream spilled on a step of a vestibule was not entitled to recover because no showing was made as to how long it had been there. In that case,

a porter had passed by the point only a few minutes before plaintiff fell. That case is relied upon by the defendant in this case. This court pointed out that several witnesses testified there was no ice cream on the step a few minutes before plaintiff fell. Further, the court commented that the ice cream could have been spilled after the porter passed by and before plaintiff's fall.

Plaintiff relies greatly upon the case of Maybee v. Missouri Orpheum Corporation, 238 Mo.App. 537, 181 S.W.2d 771. In that case, a theater patron was shown to a seat by an usher. A flashlight was used to show the way. Later, the patron wished to go to another row of seats. As she was about to step into the aisle her foot caught under a rug which was cupped-up causing her to fall. The Kansas City Court of Appeals, by Cave, J., held plaintiff could recover because, as said in the opinion, 181 S.W.2d loc. cit. 776 (9–12): "Without repeating the evidence, it seems clear to us that certain *facts* were proven which support the inference that the cupped-up condition existed prior to the time plaintiff entered the theater; and other *proven facts* which support the inference that defendant's agent, Mock, saw, or, by the exercise of ordinary care could have seen, such dangerous condition in time to have warned the plaintiff."

It is clear in the case before us that the evidence does not show how long the object (whatever it was), which plaintiff says she stepped on and caused her to fall, was present on the floor. Notwithstanding that fact, the question remains whether the evidence, which for the purpose of our review we must treat as true, justifies a verdict for plaintiff. Such evidence shows: that Tallant whose duty it was to be on the lookout for foreign objects on the floor of his department walked through the aisle about 15 feet ahead of plaintiff; that no one was in the aisle between plaintiff and Tallant during the time in question; that Tallant walked by the

point where plaintiff fell not more than a few seconds before the fall; that there was an object on the floor on which plaintiff stepped and fell.

Considering that evidence to be true, did it justify the jury to find that the foreign object was lying in the aisle as Tallant passed by? And could the jury find that the failure on Tallant's part to discover the object and pick it up or warn plaintiff constitutes negligence? It is true, as defendant contends, that the object (Exhibit 1) on the floor may have been kicked or rolled to the point where plaintiff stepped on it between the time Tallant passed and when plaintiff reached that point. The jury could well have considered that a possibility but highly improbable. The jury could well have found that it was more likely that the object was there when Tallant passed that point.

We cannot say as a matter of law that Tallant was not negligent in failing to discover and pick up the object on the floor when he passed the point in question.

We rule that the questions of fact of whether the object was on the floor when Tallant passed by and whether he was negligent were for a jury to decide. Brinkley v. United Biscuit Co. of America, 349 Mo. 1227, 164 S.W.2d 325, loc. cit. 332 (6, 7); Schwartz v. S. S. Kresge Co., 238 Mo.App. 1165, 185 S.W.2d 37, loc. cit. 39(2); Maybee v. Missouri Orpheum Corp., 238 Mo.App. 537, 181 S.W.2d 771, loc. cit. 775(5) (6) (7). See 88 C.J.S. Trial § 211, p. 470, where the applicable rule is stated thus: "Inferences from the evidence are fact questions, and hence, generally, where there is any credible evidence sufficient to support an inference sustaining a verdict, the inferences to be deduced from the facts in evidence are for the jury, * * *."

We have concluded that a verdict for plaintiff was authorized by the evidence and the judgment is hereby affirmed.