**Charles PONCIROLI and Standard Refrigeration Service, Inc., Respondents,**

v.

**Ruth WYRICK, Appellant.**

No. 39476.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Oct. 31, 1978.

Robert H. Burns, John H. Marshall, Clayton, for appellant.

Robert A. Wulff, Amelung, Wulff & Willenbrock, St. Louis, for respondents.

GUNN, Judge.

On June 27, 1974, while driving a company van in his capacity as sole proprietor of Standard Refrigeration Service, Inc., plaintiff-respondent Charles Ponciroli was involved in an automobile accident. Defendant-appellant Ruth Wyrick, proceeding south on Gravois Avenue, allegedly made an illegal left turn without yielding the right of way to the north-bound plaintiff. In the resulting collision, Ponciroli sustained a fracture of the right wrist and respondent Standard Refrigeration suffered property damage both to the van and to the equipment that it carried. On September 20, 1974, only two weeks after the plaster cast was removed from his first injury, plaintiff broke the wrist again, this time one inch below the original fracture. As he was driving his van across rough railroad tracks, plaintiff claimed that he lost his grip on the steering wheel and caught his right wrist between the gearshift lever and the steering wheel's rapidly rotating crossspoke. He attributed the mishap to a weakness in grip strength following weeks of immobility in a cast. On Ponciroli's request for damages suffered in both the June 27th and September 20th incidents, the jury returned a verdict of $15,000 in his favor. $1,306 was awarded to Standard Refrigeration for the damage to the van. Defendant appeals from the verdict for personal injuries, alleging essentially that plaintiff failed to demonstrate a causal connection between the two accidents and that the trial court erred: (1) when it sustained respondent's objection to defendant's hypothetical question regarding the causal connection; (2) when it submitted plaintiff's verdict director; and (3) when it refused defendant's submitted instruction seeking to withdraw the September 20 incident from jury consideration. We affirm.

Missouri follows the general rule that a person who has been injured due to the negligence of another is entitled to recover all damages proximately traceable to the initial negligent act, including any subsequent aggravation of the injury which follows as the natural consequence of the original harm. Recovery is available in the latter circumstances even though some intervening agent may have aided in the result. *Chaussard v. Kansas City Southern R. Co.,* 536 S.W.2d 822 (Mo.App.1976). Defendant does not challenge the jury's finding that her negligence and the concomitant automobile collision were the proximate cause of plaintiff's first fracture. Rather, she maintains that plaintiff failed to adduce the medical expert testimony needed to establish a causal connection between the June 27, 1974 accident and the September 20th fracture. She complains that laypersons or the jury panel could not have been sufficiently knowledgeable in the fields of physiology and medicine so as to determine, without pure speculation or guesswork, whether the fracture of September 20 was the proximate consequence of her negligence. Further, she argues that the trial court erred in sustaining plaintiff's objection to a hypothetical question regarding causality which was presented to the defense expert. Thereby, she argues that the jury was deprived of at least one doc-

**734**

tor's opinion as to whether the second fracture was proximately caused by the first.

■ The objectionable hypothetical question consisted largely of a recitation of uncontroverted facts: that plaintiff was involved in an automobile accident on June 27, 1974; that his injury was diagnosed as a fracture of the right wrist, and was treated by applying a cast; that he was essentially asymptomatic when the cast was removed; that on September 20, 1974 he caught his wrist between the steering wheel spoke and the gearshift lever; that the result was a second fracture of the wrist one inch below the site of the initial break. The ultimate question elicited an objection, however:

> Q. [Defendant's attorney] . . . Doctor, can you state with reasonable medical certainty as to whether that first fracture had any bearing upon the occurrence of that second fracture?
>
> [Plaintiff's attorney]: I'll object to that question on the basis that that is a question of fact and so that is within the province of this jury and not something based strictly on medical testimony, and therefore it does not call upon any opinion by an expert witness, and is something that should be decided by a jury.

The court sustained the objection on the ground stated by and for the use of the word "bearing." Defendant's attorney tried again:

> Q. Doctor, let me rephrase that last question. Would the second fracture in any way be caused by the first fracture?

Counsel for the plaintiff objected on the same ground and was sustained. Defendant's attorney attempted to present the hypothetical a third time:

> Q. Doctor, with the first fracture having good healing at the time of the removal of the cast by Dr. Miranda, and with the same question which I have previously asked regarding this hypothetical, and the man is asymptomatic at the time the cast was removed, and on September 20th he has this second accident, would the first fracture which this man suffered in any way play a part, would it have any effect upon this second fracture, or could

it in any way help to cause this second fracture?

Counsel for the plaintiff objected again, this time complaining additionally that the use of the word "asymptomatic" was misleading, as evidence had been presented to establish that the plaintiff still complained of tenderness in the wrist at the time that the cast was removed. Again, the objection was sustained. Finally abandoning the hypothetical, defendant's attorney asked the doctor whether he would have expected the second fracture to occur at the same site as the first, assuming there was still a weakness at the point of the initial injury. The doctor affirmed the proposition.

This exchange between the attorneys and the arguments presented in the briefs lead us to conclude that defendant has misconstrued plaintiff's approach to the case. The theory which defendant sought to dispel before the jury through the hypothetical questioning was that the first fracture left plaintiff's arm in a structurally weakened condition, thereby rendering plaintiff more susceptible to another fracture. She argued that the second fracture was not causally connected to any negligence in making an illegal left turn on June 27th but was instead the result of a totally independent cause. And she sought to lead the jury to this conclusion by establishing that the second break should have occurred in the same location as the first if there had been a connection between the two.

Plaintiff, on the other hand, contended that defendant's negligence caused the first accident and, thereby, his fractured wrist. After the cast was removed, plaintiff's wrist strength was considerably diminished. The weakened condition of his wrist, a condition directly linked to defendant's negligence, caused him to lose his grip on the steering wheel and injure himself further. That the second injury was a broken wrist was merely incidental to plaintiff's cause of action. The important factor was that the first accident caused the second accident to occur. Thus, whether or not a broken bone might be more likely to happen at the site of a previous break, the substance of defendant's hypothetical, was immaterial.

There are many instances when a question of fact is so manifestly technical or complex that no jury should be permitted to resolve it in the absence of expert testimony. See, e. g., *Kimmie v. Terminal R.R. Ass'n of St. Louis,* 334 Mo. 596, 66 S.W.2d 561 (1933); *McKinley v. Vize,* 563 S.W.2d 505 (Mo.App.1978); *Harrison v. Weller,* 423 S.W.2d 226 (Mo.App.1967); *Bertram v. Wunning,* 385 S.W.2d 803 (Mo.App.1965). But it is also fundamental legal rubric that expert testimony should not be permitted where the jurors themselves are able to draw correct conclusions from the facts proved. *Sampson v. Missouri Pacific R. Co.,* 560 S.W.2d 573 (Mo. banc 1978); *McKinley v. Vize,* supra; *Holtmeyer v. Scherer,* 546 S.W.2d 29 (Mo.App.1976). Defendant's query, whether physiological changes in a wrist once broken will result in a penchant toward recurring fractures, presents an issue peculiarly appropriate for expert opinion. Yet, the question of fact for which plaintiff sought an answer seems to be well within the common knowledge of the laity. A juror can discern, without the aid of medical testimony, whether plaintiff's wrist would still exhibit weakness two weeks after his cast had been removed. Since the technical answer which defendant sought to establish was immaterial to plaintiff's theory of recovery, error, if any, committed by the exclusion of the testimony, was harmless. *McClendan v. Johnson,* 337 S.W.2d 77 (Mo.1960); *Blue Ridge Bank v. State Banking Board,* 509 S.W.2d 763 (Mo.App.1974).

While the questioner may hypothesize a question to present his theory of the case, it must bear some relevancy to aid the jury in its determination of the issues. *Odum v. Cejas,* 510 S.W.2d 218 (Mo.App. 1974); *Gavan v. H. D. Tousley Company,* 395 S.W.2d 266 (Mo.App.1965). We have already noted that the hypothetical posed by defendant was foreign to the true issue in the case, and the trial court is vested with substantial discretion in determining whether to accept or reject expert testimony and opinion evidence. *McKinley v. Vize,* supra; *Holtmeyer v. Scherer,* supra; *Kim Mfg., Inc. v. Superior Metal Treating, Inc.,* 537 S.W.2d 424 (Mo.App.1976). Under the circumstances here, we find no abuse of the trial court's discretion in rejecting the opinion testimony of defendant's expert.

Defendant next claims that the trial court erred in submitting plaintiff's damage instruction, MAI 4.01, modified.[1] She complains that the portion of the instruction which refers to damages sustained on September 20, 1974 was not supported by the required medical expert testimony, and she bolsters this claim with a reiteration of her earlier argument.

Plaintiff's testimony, if believed, concerning the weakness in his wrist prior to the September 20 accident, establishes the necessary causal connection. Again, we hold that there was no need for additional medical testimony on the point. Consequently, defendant's third argument must also fail. The trial court did not err when it refused to give an instruction to withdraw evidence of injuries from the September 20th accident on the ground that plaintiff failed to establish proof of proximate cause.

Affirmed.

REINHARD, P. J., and CLEMENS, J., concur.

---

1. If you find the issues in favor of Plaintiff Charles Ponciroli, then you must award the Plaintiff Charles Ponciroli such sum as you believe will fairly and justly compensate him for any damages you believe he sustained and is reasonably certain to sustain in the future as a direct result of the occurrence of June 27, 1974, and such damages as you believe he sustained in the occurrence of September 20, 1974, if you believe such injuries were either caused or contributed to by the injury sustained in the occurrence of June 27, 1974. (MAI 4.01, modified)