Henry **STEINLAGE,**
Appellant-Respondent,

v.

Mike B. **MARCHETTO,**
Respondent-Appellant.

Nos. 43856, 43965.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 30, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Oct. 12, 1983.

Application to Transfer Denied
Nov. 22, 1983.

James F. Koester, St. Louis, for appellant-respondent Steinlage.

Amy S. Rubin, St. Louis, for respondent-appellant Marchetto.

STEPHAN, Judge.

A jury trial was held to determine the amount of damages incurred in an automobile collision. Defendant admitted liability prior to trial. The jury awarded plaintiff $2,100 for property damage and $10,000 for personal injury. Defendant moved for a new trial on the basis of a defect in one of the instructions. The motion was sustained, both parties appealed, and the appeals have been consolidated. For reasons discussed below, we reverse and reinstate the jury verdict for plaintiff.

Plaintiff Steinlage claims that the trial court erred in its determination that the instruction was defective and, thus, in its granting of a new trial. The instruction in question is MAI 31.07. In its unmodified form, as given in this case, it reads:

Under the law, defendant is liable to plaintiff for damages in this case. Therefore, you must find the issues in favor of plaintiff and award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe he sustained and is reasonably certain to sustain in the future as a direct result of the occurrence mentioned in the evidence.

The Notes on Use to this instruction require that the term "occurrence" be replaced by a more descriptive phrase when "the evidence discloses more than one event which is claimed to have caused plaintiff's injury."

■ Defendant's argument is that the instruction should have been modified so as to specify that the "occurrence mentioned in the evidence" was the collision of plaintiff's and defendant's vehicles. Plaintiff Steinlage testified that his back was injured as a result of the collision, and the causal relationship between the collision and the back pain was corroborated by the chiropractor who treated him, Dr. Otto Reinert. Modification nevertheless was necessary, defendant maintains, because there was another "occurrence mentioned in the evidence," i.e., a later occasion when plaintiff Steinlage strained his back. Steinlage testified that about four months after the collision he bent over in order to pick up a log, "and I felt it [the pain] right then, it was right in my back again." Dr. Reinert's records showed that the effort "reactivated" the injury. Steinlage also testified that other activities such as playing golf and riding in an automobile for extended periods of time caused him discomfort, but that he had not "been injured in any way since this accident." Incidents of aggravation of a condition caused by a compensable wrong are not, in themselves, separate occurrences requiring modification of the instruction. Plaintiff Steinlage was entitled to recover for "any subsequent aggravation of the injury which follows as the natural conse-

quence of the original harm." *Ponciroli v. Wyrick,* 573 S.W.2d 731, 733 (Mo.App.1978). The pain experienced while bending over was such a consequence and not a separate mishap, and the jury could not have been misled. Cf. *Weinbauer v. Berberich,* 610 S.W.2d 674, 679–680 (Mo.App.1980). "Where an instruction, as a matter of law, is not erroneous in view of the record, it is error for the trial court to grant a new trial on the ground that the instruction was improper." *Bayne v. Jenkins,* 593 S.W.2d 519, 530 (Mo. banc 1980). The propriety of an instruction in such circumstances is a question of law and not a matter within the trial court's discretion. *Id; Doyle v. Bi-State Development Agency,* 628 S.W.2d 695, 696 (Mo.App.1982). Thus, while it would not necessarily have been error to submit the instruction in a modified form, use of the unmodified form was not erroneous. Therefore, the trial court erred in granting a new trial on such ground.

We next turn to defendant's three allegations of error which focus on the following matters: (1) The use by Dr. Reinert of a "demonstrator" as he testified to illustrate the nature of the injury to Mr. Steinlage's spine and surrounding tissue; (2) improper closing argument by plaintiff's attorney; and, (3) plaintiff's failure to supplement his answers to interrogatories.

First, the trial court allowed Dr. Reinert, over defense objection, to use a visual aid as he testified concerning the soft tissue damage near plaintiff's spine. Dr. Reinert explained that such damage does not appear on x-rays and the purpose of the demonstrator was to show the "dynamics" of the intervertebral disc. At defense counsel's request, Dr. Reinert was voir dired before the demonstrator was shown to the jury. He explained that the device[1] showed a more extreme condition than that suffered by plaintiff and that it indicated an injury on the right side of a human spinal column.

---

1. We are somewhat hampered in our description of the item by lack of description of it in the transcript, where it was referred to as a "document." In one of defendant's briefs, it is referred to as a "card." Although the item was marked in evidence, it was not offered or admitted, and it was not filed with the record. Defendant took no measures to apprise us further of the nature of the item.

Plaintiff's injury was on the left side. After these differences were pointed out, defense objection to the doctor's use of the demonstrator while he testified was overruled by the trial court stating, "The jury understands from your voir dire what the situation is."

■ Our examination of the record fails to give any indication that Dr. Reinert's reference to the item, which he referred to as a "teaching tool," could have had any inflammatory or misleading effect on the jury. On the contrary, visual aids can be of enormous assistance to a jury in understanding such complex mechanisms as the human spine. We find no abuse of the trial court's discretion in allowing the use of the item after the differences between what it depicted and plaintiff's condition were properly explained. *Carden v. Lester E. Cox Medical Center*, 519 S.W.2d 338, 341 (Mo.App.1975). The point is ruled against defendant.

With respect to plaintiff's closing argument, defendant claims that the trial court erred twice in denying motions for mistrial: first, when plaintiff's counsel allegedly injected the fact of defendant's insurance coverage into the case by referring to defendant's exhibit A as a "claim form;" and, also when he referred to the fact that defendant did not admit liability until the day of the trial. We treat these matters together.

The reference to the exhibit was as follows, "Mr. Steinlage admitted he filled out a claim form Miss Reichman [defendant's counsel] had there, and on that form he put his two daughters were injured ..." The argument was immediately interrupted by defense counsel's request for a bench conference at which she asked for a mistrial. The request was denied, but the court warned plaintiff's counsel that it would be granted, "if you use it again." At defendant's request, the jury was instructed to disregard, "the last sentence of plaintiff's attorney."

The exhibit, which was marked but not offered in evidence, was shown to plaintiff during his cross examination. It is a claim form filled out by plaintiff a few days after the collision. In response to a question in the form as to who was injured, plaintiff entered the words, "My two daughters." After plaintiff acknowledged filling out the form, defense counsel asked, "You did not include you were injured at all?" Plaintiff responded, "I did not."

The reference in the argument concerning the admission of liability was, "Now, we have here, two years after the accident here, come day of trial, the defense firm admits liability." At a bench conference, a defense motion for mistrial was denied and no further relief was requested.

■ We regard both incidents as relatively innocuous and note that both were arguably invited by defense tactics. The claim form was introduced to the trial arena, albeit not shown to the jury, for the obvious purpose of informing the jury that plaintiff did not consider himself injured when he completed the form. Use of the word "claim" in referring to the form did not necessarily apprise the jury of the existence of insurance coverage any more than the use of that word in various MAI's could be argued to have such effect. The admission of liability, as noted by the trial court, came only after the jury had been selected. That the admission was belated was made known to the jury the day before, when the trial court explained its early recess by advising that there would have been more witnesses but for the fact that "liability is no longer a part of this ..." and that "plaintiff's doctor cannot be here until tomorrow morning." In view of the generally accepted liberal attitude toward closing arguments, we see no reason to disturb the broad discretion of the trial court here. *Lewis v. Bucyrus-Erie, Inc.*, 622 S.W.2d 920, 925–926 (Mo.banc 1981); *Doyle v. St. Louis-San Francisco Railway Company*, 571 S.W.2d 717, 725 (Mo.App.1978).

Defendant's final point is that the trial court erred in denying his pre-trial motion in limine to exclude any evidence concerning medical treatment subsequent to August 9, 1978. We have searched the transcript, the legal file, and the supplemental legal file and find no indication that such a motion was filed. From defendant's point

and argument, we deduce that defendant claims such a motion was filed "the day of trial" after defendant learned that plaintiff had visited Dr. Reinert several times after August 9, 1978. Defendant knew that plaintiff had seen Dr. Reinert on various occasions prior to and including August 9, 1978, by means of plaintiff's answers to interrogatories, which answers were filed on September 12, 1978. The prejudice to defendant of which he complains is that plaintiff's failure to update the interrogatory answers deprived defendant of an "ample opportunity to have an independent medical examination conducted." We find no merit in the point.

■ It is true, as defendant contends, that Rule 56.01 requires supplementation of answers to written interrogatories by the answering party when he later obtains information "upon the basis of which ... he knows that the response though correct when made is no longer true." Failure to do so is not, however, necessarily fatal to the answering party's cause. *Keenoy v. Sears Roebuck and Co.,* 642 S.W.2d 665, 669 (Mo.App.1982). Such is the case here. Physical examinations of plaintiffs in personal injury cases is available to defendants, as is any other kind of pre-trial discovery. Rule 60. See also *State ex rel. McCloud v. Seier,* 567 S.W.2d 127 (Mo. banc 1978). Defendant could have availed himself of such measure at any time. The petition which initiated this action alleged that plaintiff's "injuries are permanent and progressive." The interrogatory answers, which should have been supplemented, advised defendant that plaintiff was treated by Dr. Reinert on June 15, July 12, 25, 28, and August 9, 1978, and that Dr. Reinert had been paid $114 for his services "to date." Defendant was on notice from the inception of the case that defendant claimed a need for continuing treatment and was receiving it through the date of the interrogatories. Not only did defendant fail to seek an examination of plaintiff when defendant learned of the ongoing nature of the ailment, defendant did not seek a continuance when it was learned that plaintiff in fact had received treatment after August 1978.

Finally, we perceive no prejudice to defendant's basic right to a fair trial. On cross examination of plaintiff, defendant's attorney made much of the fact that the five visits subsequent to August 9, 1978, were widely spaced. Plaintiff's trial testimony was that his total bill "including the x-rays" was $363, which is hardly a shocking increase over the $114 in medical bills paid as of the date of the answers. Even though plaintiff's duty to supplement the answers was a continuing one and his failure to fulfill it was less than commendable, the trial court's refusal to invoke the requested sanction was not error; the evidence concerning treatment after August 9, 1978, was not prejudicial to defendant. Cf. *Laws v. City of Wellston,* 435 S.W.2d 370, 375 (Mo.1968). And, in no way did the plaintiff's failure to supplement the answers affect defendant's right to cause plaintiff to submit to a medical examination.

Therefore, the order and judgment granting a new trial are reversed. The cause is remanded, and the trial court is instructed to enter judgment for the plaintiff in accordance with the jury verdict.

SIMON, P.J., and SATZ, J., concur.