Christine BURNS, Plaintiff-Respondent,

v.

SCHNUCK MARKETS, INC.,
Defendant-Appellant.

Nos. 50649, 50819.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 12, 1986.

Catherine R. McBride, St. Louis, for defendant-appellant.

John D. Schneider, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Christine Burns fell and sprained her ankle in Schnuck's supermarket, sued and recovered a $5,000 jury verdict. The trial court reduced the award to $2,500 upon a jury finding that Burns was 50% contributorily negligent. We affirm in part and modify in part.

Schnuck, has appealed from the adverse judgment arguing:

1) The trial court's denial of appellant's motion for directed verdict and judgment n.o.v. was error because respondent failed to prove either: a) the grocery cart in question was defective and/or unreasonably dangerous; b) appellant had such actual or constructive notice of the condition which caused respondents fall.

2) The trial court's denial of appellant's motion for directed verdict and judgment n.o.v. was error because respondent failed to make a submissible case through failure to produce the medical testimony necessary to support the element of damage allegedly caused by appellant's negligence.

3) The trial court erred in submitting Instruction No. 9.

4) The jury was allowed to speculate and engage in conjecture in determining the amount of respondent's damages due to the trial court's errors, thus allowing appellant to be prejudiced. Schnuck's arguments are without merit. Burns cross appealed contesting the validity of Instruction No. 7 on the ground it failed to instruct as to the knowledge she must possess.

Burns produced evidence at trial that the grocery cart she was pushing through Schnuck's Market suddenly stopped. Burns was thrown off balance, fell, and sprained her ankle. Several store employees helped Burns onto a produce cart and wheeled her out of the store to a car driven by Burns' boyfriend. The boyfriend, Ken Cope, drove Burns to Lutheran Hospital. Hospital medical records confirm Burns suffered a sprained ankle.

In the first point on appeal, Schnuck argues that Burns failed to prove the grocery cart was defective and/or that Schnuck had actual or constructive knowledge of the defect in the cart; that therefore, Burns did not make a submissible case; and that the trial court erred in not granting Schnuck's motion for a directed verdict or judgment n.o.v. When determining whether a submissible case has been made plaintiff's evidence is presumed to be true and the plaintiff is given the benefit of all reasonable and favorable inferences drawn from the evidence. *Grube v. Associated Dry Goods, Inc.*, 663 S.W.2d 310 (Mo.App.1983); *Larrea v. Ozark Water Skill Thrill Show, Inc.*, 562 S.W.2d 790 (Mo.App.1978). Burns testified she removed a grocery cart from the store's bin, she noticed the wheel wobbled, upon use the left front wheel jammed and the cart stopped abruptly. From this testimony, given the benefit of all reasonable inferences, a submissible case of a defective cart was made.

Schnuck's argument that they had no notice of the defective cart is not convincing. Burns removed the cart from

a bin in which Schnuck employees place empty carts. She entered the store, "got me a cart, pulled it out, [of storage bin]." As she started pushing the cart "the wheel was wobbling." Schnuck furnished shopping carts and assumed the duty to furnish a safe cart. The evidence supports an inference that Schnuck's employees placed the cart in the storage area and had constructive knowledge of the defect which existed when Burns selected the cart from that area. In addition, the testimony of Schnuck's employees outlined the procedures taken to identify defective carts. However, it was also admitted the precautionary measures were not always followed when the store was crowded. From this evidence the jury could have reasonably surmised that the defective cart was negligently overlooked in the inspection procedure.

In *Alvey v. Sears, Roebuck & Co.*, 360 S.W.2d 231 (Mo.1962) a store manager, whose duty it was to look out for dangerous conditions, was found negligent for failing to spot a marble on the floor which apparently caused the plaintiff to fall. The manager preceded the plaintiff down the aisle by approximately fifteen feet. The manager testified the marble was not on the floor when he passed yet the jury was allowed to find the manager negligent. The Missouri Supreme Court stated that considering the evidence to be true there were many possible explanations but that "[t]he jury could well have found that it was more likely that the object was there when [the manager] passed that point." *Id.* at 236. The court went on to rule "the question of fact of whether the marble was on the floor when [the manager] passed by and whether he was negligent were for a jury to decide." *Id.* In the case at bar the determination that Schnucks should have or could have had notice of the defective cart was for the jury. Because a submissible case was made, the court correctly refused to grant Schnuck's motion for a directed verdict or judgment n.o.v.

In Schnuck's second point on appeal they contend the trial court erred in denying their motion for directed verdict and judg-ment n.o.v. because Burns failed to make a submissible case by failing to produce the medical testimony necessary to support the element of damages. Schnuck contends that due to respondent's past ankle injuries a layman is incapable of determining the nature, type, extent and causal connection of respondent's injury without medical testimony. Burns contends this is not a circumstance in which an expert's testimony or other medical testimony would be required especially in light of the testimony that she had completely recovered from the previous injuries.

■ We held: "[T]he penchant of a broken wrist reoccurring presents an issue peculiarly appropriate for expert opinion. Yet, the question of fact involved in such inquiry is well within the common knowledge of laity, and thus may be resolved by the jury even absent expert opinion." *Ponciroli v. Wyrick*, 573 S.W.2d 731, 735 (Mo. App.1978). Comparatively a jury should be able to determine the nature, type, extent, and causal connection of a sprained ankle. Therefore, in spite of Burns' past injuries and their potential contribution to her injury, the jury is qualified to draw factual conclusions from this evidence.

Considering the evidence in light most favorable to Burns it is apparent she has made a submissible case. Burns testified as to the causal connection between the defective cart and her ankle injury: "As I was pushing [the cart] it stopped, and then I was, ... in a forward motion, and I started to fall forward, and to keep myself from falling flat on my face I somehow landed on my left side and my back and my leg was underneath me, and my ankle was all twisted sideways." The medical records identified the nature and type of injury: "impressions, severely sprained left ankle" and Ms. Burns provided further information as to the extent of her damages:

Q. Tell the jury how your foot felt the next day.

A. It hurt. It looked like a cantelope; it was that big and round, and every time I—like I kept it elevated, you know, with

a couple of pillows so that it was higher than I normally keep it. It was as high as my head and when I would take it down to release the pressure it felt like the foot was on fire, and then I would have to put it back up. It was really sore. I couldn't move my toes; I couldn't put any pressure on it, and I had no mobility. I couldn't move it at all.

Q. What would happen if you lowered your leg? How would it feel?

A. Like it was on fire. That's the only way I know how to explain that, and it hurt.

Q. How long did it stay like that where you had a great deal of pain when you lowered it?

A. A couple of weeks.

It is within the jury's common experience to determine the consequences of a sprained ankle such as the resultant immobility and the inconvenience created. *Burns v. Property Servicing Co.*, 276 S.W.2d 177, 182 (Mo.1955); *Ponciroli v. Wyrick, supra.*

Schnuck contends the trial court erred in submitting Instruction No. 9 because the instruction does not follow the MAI. The evidence in this cause of action indicated Burns had injured the same ankle allegedly injured in this case on three prior occasions. One injury occurred only one month before the accident at Schnucks and the damage instruction submitted was not modified to refer to the "occurrence of October 10, 1984" as required by the Notes on Use, MAI 4.01. Burns contends there was no evidence that her physical condition was affected by any prior occurrence and there was no risk that the jury could be confused by a prior occurrence in properly determining damages.

■ The purpose of the requirement that the instruction be modified, where more than one occurrence is mentioned in the evidence, is to confine and limit the jury to consideration of the injury arising out of the "occurrence" for which defendant is responsible. *Russell v. Terminal R.R. Assn.*, 501 S.W.2d 843, 848–849 (Mo. banc 1973). The Notes on Use require modifica-

tion where two occurrences combine to produce one result. The use of the word "occurrence" without more identification is also inadequate where there is evidence of two different occurrences. If either occurrence alone could have produced the resulting injury, but defendant is responsible for only one, then modification is required. *Id.* at 849; *Vest v. City National Bank and Trust Co.*, 470 S.W.2d 518, 521 (Mo.1971). In the case at bar evidence shows only one occurrence was responsible for the injury. Therefore, modification identifying the occurrence is not required.

Cases requiring the modification of instructions have usually involved serious injuries. In *Thweatt v. Haefner*, 539 S.W.2d 734 (Mo.App.1976) plaintiff's injuries occurred only one month before a second car accident. Since plaintiff was suing for injuries received in the first accident, modification was necessary to prevent the jury from awarding compensation for injuries received in the second accident. In *Wagoner v. Hurt*, 554 S.W.2d 587, 591 (Mo.App. 1977) the plaintiff was already suffering from a disabling knee injury when he was involved in an auto accident further injuring the knee. In both of these cases the instruction needed modification to limit the jury's award to the injury defendant was responsible for. Burns' most recent foot injury was not a sprain and according to evidence had healed. There was no evidence that her prior injury had not healed, and thus no reason to believe the jury was confused and awarded damages to compensate Burns for prior injuries. Therefore modification of the instruction was not required.

Fourth, Schnuck contends the jury was prejudiced by the errors set forth in Schnuck's second and third points on appeal. The errors allegedly allowed the jury to speculate and engage in conjecture when determining the amount of damages to award. Schnuck cites the excessiveness of the award as evidence of the prejudice. However, "[t]he mere size of a verdict does not in and of itself establish that it was the result of bias or prejudice ..., without

showing some other error committed in the trial." *Cline v. Carthage Crushed Limestone Co.*, 504 S.W.2d 102, 116 (Mo.1973). Thus, regardless of the size of the verdict, Schnuck must present a sustainable error. This Schnuck has failed to do, therefore, the verdict cannot be deemed excessive.

On cross-appeal, Christine Burns contends the trial court erred in submitting Instruction No. 7 on two grounds: 1) there was not sufficient evidence for the jury to determine plaintiff was negligent by wearing high heeled shoes; and 2) the instruction submitted a roving commission in determining what constitutes negligence because no instruction was given pertaining to any standard of due care. Instruction No. 7:

"1. Plaintiff wore high heeled shoes, and

2. Plaintiff was thereby negligent, and

3. Such negligence of plaintiff . . . ."

■ In a similar case the following instruction was submitted: "First, plaintiff either failed to look and see where he was placing his foot on the step mentioned in evidence, or failed to place his foot on the center portion of said step; and Second, plaintiff's conduct, in any one or more of the respects submitted in paragraph First was negligent; and Third, . . . ." *Davidson v. International Shoe Co.*, 427 S.W.2d 421, 424 (Mo.1968). The plaintiff in Davidson contended the instruction was err because it failed to require a finding that knowledge on plaintiff's part was essential to a finding that the conduct constituted contributory negligence. *Id.* In the case at bar there was no instruction as to the knowledge on Burns' part. Since such knowledge is an essential element of contributory negligence, instruction pertaining to such knowledge is required or the instruction constitutes a roving commission. *Davidson v. International Shoe Co., supra; Hawkeye-Security Insurance Co. v. Thomas Grain Fumigant Co.*, 407 S.W.2d 622 (Mo.App.1966). "An instruction on plaintiff's contributory negligence, 'is too general' and 'amounts to what is commonly termed a roving commission' when it fails to advise the jury, or point out in any way what acts or omissions on the part of the plaintiff, if any, found by them from evidence, would constitute contributory negligence.'" *Hawkeye-Security Insurance Co. v. Thomas Grain Fumigant Co., supra* at 630. Clearly, Instruction No. 7 failed to 'advise' or 'point out' the knowledge Burns must have had to be found contributorily negligent. Therefore submission of Instruction No. 7 was prejudicially erroneous.

■ Lastly, even if a correct instruction on contributory negligence had been submitted, no reasonable jury could have found Burns contributorily negligent. Based on the evidence presented the knowledge Burns possessed is the key factor. There is evidence, or it may be inferred from the evidence, that Burns had knowledge of the general conditions from which the danger arose. For example, Burns knew the wheels wobbled on her grocery cart, and she knew she was wearing high heels. However, this knowledge is not sufficient. There must be evidence Burns had knowledge and appreciation of the danger actually encountered. *Brice v. Union Electric Co.*, 550 S.W.2d 629, 632 (Mo.App. 1977). There is no evidence she knew the grocery cart would suddenly stop and cause her to lose her balance. Because no reasonable jury, correctly instructed, could have found 50% contributory negligence, the trial courts award of $2,500 must be modified. Christine Burns should have been awarded $5,000. The judgment is modified to show that the judgment for plaintiff is $5,000 and in all other respects affirmed.

CRANDALL and KAROHL, JJ., concur.